UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| BECKY CROSS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:16CV217 HEA |
| | ) | |
| PHELPS COUNTY, MISSOURI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION, MEMORANDUM AND ORDER**

Plaintiff seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. The motion is granted. Additionally, the Court will dismiss this action under 28 U.S.C. § 1915(e).

**Standard of Review**

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

## The Complaint

Plaintiff brings this action against two state court judges, two clerks of court, Phelps County, and St. Francois County. Plaintiff's husband, Farrell Cross ("Farrell"), was tried for and convicted of first-degree murder. *Missouri v. Cross*, No. 12SF-CR00126 (St. Francois County). Farrell could not afford to retain counsel, and the court appointed the public defender to represent him. *Missouri v. Cross*, No. 10PH-CR01140-01 (Phelps County).[1]

Although the court appointed the public defender, it determined that Farrell could afford to pay some of the costs of the defense. As a result, it ordered him to pay $500 per month into the court's registry. *Cross*, No. 10PH-CR01140-01. After the venue was transferred to St. Francois County, the monthly payments continued. At the conclusion of the case, the court entered judgment directing Farrell to pay $10,000 to the public defender under Section 600.090 of the Missouri Revised Statutes. Section 600.090 permits the public defender to attach a lien to a defendant's property to recoup the costs of the defense.

Plaintiff alleges that the presiding judges did not hold a hardship hearing before assessing the fees. She says she became destitute as a result, because she and Farrell could not afford the required payments. Plaintiff claims that defendants violated her constitutional rights by taking marital property to pay for her husband's defense. Plaintiff seeks declaratory, injunctive, and monetary relief.

## Discussion

Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her

---

[1] The case was initiated in Phelps County, but venue was transferred to St. Francois County.

official capacity, plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of a government entity was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint fails to state a claim against St. Francois County, Phelps County, or defendants in their official capacities.

Judges are immune from suit but for two instances. "First, a judge may be subject to suit for non-judicial acts," "such as deciding to prosecute and determining offense to be charged." *Duty v. City of Springdale, Ark.*, 42 F.3d 460, 462 (8th Cir. 1994) (citation and quotation omitted). "Second, judges are not immune from lawsuits based on actions taken in the complete absence of all jurisdiction." *Id.* Additionally, "[c]ourt clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process unless the clerks acted in the clear absence of all jurisdiction." *Boyer v. County of Washington,* 971 F.2d 100, 101 (8th Cir.1992); s*ee also Maness v. District of Logan County–Northern Div.,* 495 F.3d 943 (8th Cir.2007) (clerks absolutely immune for acts that may be seen as discretionary or for acts taken at the direction of a judge or according to court rule).

According to the alleged facts in this case, the judge and court clerk defendants may only be liable if they acted in the absence of their jurisdiction. For this to be true, it must have been unconstitutional for the judges to order Farrell to pay for the costs of his defense with marital property.

Missouri recognizes the doctrine of necessaries. *See St. Francois Med Ctr. v. Watkins*, 413 S.W.3d 354, 357 (Mo. Ct. App. 2013). "Historically, the doctrine required only a husband to pay the necessary expenses of his wife, but the doctrine is now applied in a gender-neutral

3

fashion." *Id.* Legal protection from suit has been held to be a necessity under Missouri law. *Hamilton v. Salisbury*, 114 S.W. 563, 563 (Mo. Ct. App. 1908) (legal defense against defamation "was as much a necessary as were food, raiment, and shelter."). Under Missouri law, therefore, the defendant judges acted within their jurisdiction when they ordered Farrell to pay for his defense costs with marital property. This has not been found to violate the constitution in federal court. *E.g., United States v. Conn*, 645 F.Supp. 44, 45 (E.D. Wis. 1986) (applying Wisconsin law of necessaries to costs of defense under the Criminal Justice Act, 18 U.S.C. § 3006A). As a result, the judge and court clerk defendants are immune from suit, and this action must be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice.

An Order of Dismissal will be filed separately.

Dated this 29th day of February, 2016

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE